**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 26-cv-60307-MIDDLEBROOKS

ALAN CANDIDO TAGLIONI,

Plaintiff,

v.

JOSEPH EDLOW, et al.,

Defendants.

___________________________________/

**ORDER DENYING THE MOTIONS FOR SUMMARY JUDGMENT AND REMANDING MATTER TO USCIS**

THIS CAUSE came before the Court upon Plaintiff's Motion for Summary Judgment (DE 16), Defendants' Motion for Summary Judgment (DE 22), Defendants' Supplemental Brief (DE 28) and Plaintiff's Response (DE 29). For the following reasons, the motions for summary judgment are denied and the case is remanded.

I. Background

Plaintiff filed this action pursuant to 8 U.S.C. § 1447(b) seeking judicial adjudication of his Form N-400 Application for Naturalization after USCIS failed to render a decision within the statutory period following his naturalization interview.

There is no substantial dispute that Plaintiff satisfies several of the statutory prerequisites for naturalization, including lawful permanent resident status, continuous residence, physical presence, and successful completion of the English language and civics examinations. The Parties' dispute centers primarily upon whether Plaintiff has met his burden of establishing good moral character as required under the Immigration and Nationality Act.

The record reflects that during the statutory period Plaintiff received a citation from the Florida Fish and Wildlife Conservation Commission, which he disclosed during his naturalization interview after initially failing to report it on his N-400 application. The record further reflects ongoing criminal proceedings in Brazil arising from a 2021 shipment of airsoft and/or firearm-related components mailed by Plaintiff from the United States to Brazil.

Defendants contend that Plaintiff's omissions, statements, deposition testimony, and conduct demonstrate a lack of good moral character. Plaintiff maintains that any inaccuracies resulted from misunderstanding, mistake, language barriers, reliance on document preparers, and confusion regarding the status of the Brazilian proceedings rather than any intent to deceive.

Following review of the Parties' summary judgment filings, I granted limited discovery and authorized Defendants to depose Plaintiff concerning matters relevant to his naturalization application. The Parties thereafter submitted supplemental briefing addressing the deposition testimony.

II. Legal Standard

Under the governing legal standard, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material for the purposes of summary judgment only if it 'might affect the outcome of the suit under the governing law.'" *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. For factual issues to be considered genuine, they must have a real basis in the record." *Ellis v. England*, 432 F.3d 1321, 1325–26 (11th Cir. 2005) (citation omitted). The party moving for summary judgment bears the burden of

establishing that there is insufficient evidence to support the non-moving party's case. *Id.* at 325. Moreover, "[t]he court must view all evidence in the light most favorable to the non-movant and must resolve all reasonable doubts about the facts in favor of the non-movant." *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.*, 894 F.2d 1555, 1557–58 (11th Cir. 1990) (citation omitted).

III. Discussion

Under 8 U.S.C. § 1447(b), when USCIS fails to adjudicate a naturalization application within 120 days of the examination, the applicant may apply to the district court, which then "has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions." 8 U.S.C. § 1447(b).

An applicant for naturalization bears the burden of establishing eligibility for citizenship in every respect. 8 U.S.C. § 1427(a); 8 C.F.R. § 316.2(b). Among other requirements, the applicant must demonstrate good moral character during the statutory period and through the administration of the oath of allegiance. 8 U.S.C. § 1427(a); 8 C.F.R. § 316.10.

The Supreme Court has repeatedly emphasized that "the burden is on the alien applicant to show his eligibility for citizenship in every respect" and that "doubts should be resolved in favor of the United States and against the claimant." *Berenyi v. District Director, INS*, 385 U.S. 630, 637 (1967). Likewise, the Eleventh Circuit has recognized that naturalization applicants must strictly satisfy all statutory requirements before citizenship may be granted. *Reganit v. Sec'y, Dep't of Homeland Sec.*, 814 F.3d 1253, 1257 (11th Cir. 2016). The good moral character requirement remains a central prerequisite to naturalization. *United States v. Lopez*, 75 F.4th 1337, 1341 (11th Cir. 2023).

Upon review of the entire record, I conclude that Plaintiff has not established entitlement to naturalization as a matter of law. Although Plaintiff has presented substantial evidence supporting his application, including evidence of stable employment, tax compliance, community involvement, and favorable character references, Defendants have produced evidence raising genuine questions regarding Plaintiff's candor, intent, and credibility in connection with his naturalization application and subsequent sworn statements.

In particular, the Parties sharply dispute the significance of Plaintiff's responses on his Form N-400, his disclosures during the naturalization interview, his understanding of the status of the Brazilian proceedings, and the circumstances surrounding statements made during this litigation. Resolution of these disputes necessarily requires credibility determinations and the weighing of competing inferences drawn from the evidence.

Accordingly, I cannot conclude that Plaintiff has established good moral character as a matter of law. At the same time, I am not persuaded that Defendants have demonstrated that Plaintiff lacks good moral character as a matter of law. The Brazilian proceedings remain unresolved. The record contains no evidence of a conviction, and Plaintiff continues to dispute the underlying allegations and offers explanations for the conduct and statements relied upon by Defendants. Consequently, I would be required to make credibility determinations and factual findings that cannot properly be resolved on the present summary judgment record.

I further note that an applicant must establish good moral character not only during the statutory period but through the administration of the oath of allegiance. 8 C.F.R. § 316.10(a)(1). Because the Brazilian proceedings remain pending and because questions bearing upon Plaintiff's good moral character continue to develop, I find that further administrative review would be beneficial.

Under 8 U.S.C. § 1447(b), I may either determine the naturalization application or remand the matter to USCIS with appropriate instructions. In the exercise of that discretion, I conclude that remand is appropriate. USCIS possesses specialized expertise in evaluating naturalization applications and assessing good moral character under the Immigration and Nationality Act. Given the unresolved factual issues present in the record, the continuing foreign proceedings, and my conclusion that neither Party is entitled to judgment as a matter of law, remand will best serve the interests of justice and efficient administration.

Accordingly, I decline to either grant Plaintiff's application for naturalization or deny the application on the present record and instead I exercise my authority under § 1447(b) to remand the matter to USCIS for further proceedings.

**CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Summary Judgment (DE 16) is **DENIED**.
2. Defendants' Combined Motion for Summary Judgment (DE 22) is **DENIED**.
3. Pursuant to 8 U.S.C. § 1447(b), this matter is **REMANDED** to the United States Citizenship and Immigration Services for further adjudication of Plaintiff's Form N-400 Application for Naturalization.
4. The Clerk shall **CLOSE** this case and all pending motions are **DENIED AS MOOT**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 2nd day of October, 2026.

Donald M. Middlebrooks
United States District Judge

Copies to: Counsel of Record